IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRE CY KRON,<br><br>Defendant. | CR 22–60–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Tre Cy Kron's Motion for Early Termination of Supervised Release. (Doc. 41.) Kron pled guilty to prohibited person in possession of a firearm and ammunition and, on October 20, 2022, was sentenced to a custodial sentence of time served as to Count I, followed by 3 years of supervised release. (Doc. 35.) Kron began his period of supervised release on October 20, 2022. (*Id.*) Kron now seeks the premature termination of his remaining term of supervised release, which is set to terminate on October 25, 2025. (*Id.*) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (Doc. 41 at 1–2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to

the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Kron began his 3-year term of supervised release on October 20, 2022, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Kron's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Kron waives it, or if the proposed modification is favorable to him and the United States does not object. Here, the premature termination of Kron's supervised release is obviously favorable to him, and the United States does not object. (Doc. 41.) Accordingly, the Court will dispose of this matter without a hearing.

must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

Here, Kron reports that he recently completed chemical dependency counseling and has been sober since June 29, 2021. (Doc. 41-1 at 3.) Furthermore, Kron has maintained employment with Eastern Montana Community Mental Health ("EMCHC") in Miles City, Montana, since January 10, 2023. (*Id.*) Through his employment with EMCHC, Kron works with individuals as a residential aid and has successfully completed numerous training programs. (*Id.*) Kron is also active in his local Narcotics Anonymous group. (*Id.*) It is clear that Kron has transformed his life in the time since his sentence was imposed, and the Court finds that consideration of the foregoing factors supports the early termination of his remaining term of supervised release.

Accordingly, IT IS ORDERED that the motion (Doc. 41) is GRANTED.

IT IS FURTHER ORDERED that Kron's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 6th day of November, 2024.

_____
Dana L. Christensen, District Judge
United States District Court